**UNITED STATES of America, Plaintiff,**

v.

**Kenneth FREEMAN, Jr., Defendant.**

**Crim. No. C4–74–28.**

United States District Court,
D. North Dakota,
Northwestern Division.

Sept. 4, 1974.

David L. Peterson, Asst. U. S. Atty., Bismarck, N. D., for plaintiff.

Jon R. Kerian, Minot, N. D., for defendant.

## ORDER

VAN SICKLE, District Judge.

This sixteen year old defendant is charged with first degree murder under 18 U.S.C. § 1111, which provides in part:

"Whoever is guilty of murder in the first degree, shall suffer death unless the jury qualifies its verdict by adding thereto 'without capital punishment' in which event he shall be sentenced to imprisonment for life."

Persons charged with capital crimes are entitled to special protections and special procedures, for example, 18 U.S.C. § 3432, providing for specific disclosures and Rule 24(b), U.S.R.Crim.P., providing for 20 peremptory challenges.

The position of Defendant's attorney is that the crime of first degree murder is no longer a capital crime in that the death penalty is unconstitutional, but the Defendant is still entitled to the special privileges of a Defendant charged with a capital offense.

■ Is murder in the first degree under 18 U.S.C. § 1111, a capital crime? No. The Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, held that in certain cases the imposition of the death penalty constituted cruel and unusual punishment. The format of the decision makes its application difficult. The decision was Per Curiam. There followed five supporting and four dissenting opinions.

Mr. Justice Douglas reasoned that despite the mandate of McGautha v. California, 402 U.S. 183, 207, 91 S.Ct. 1454, 28 L.Ed.2d 711 (that untrammelled discretion in the jury to pronounce life or death in capital cases is not offensive to anything in the Constitution) where the law, although non-discriminatory on its face, entitles the jury to impose lesser sentences on the elite, harsher ones on the minorities or members of the lower castes, it violates the equal protection clause of the Fourteenth Amendment.

Mr. Justice Brennan reasoned that death is an unusually severe and degrading punishment; there is a strong possibility that it is inflicted arbitrarily; its rejection by contemporary society is virtually total; it fails to serve penal purposes more effectively than lesser punishments; it does not comport with human dignity; therefore, any death penalty is cruel and unusual.

Mr. Justice Stewart reasoned that the death penalty in the cases before him were cruel in the sense that they go beyond, not in degree but in kind, the punishment that the (legislative body) had determined was necessary; that the death penalties were unusual in that they are infrequently imposed; and finally that the Eighth and Fourteenth Amendments cannot tolerate the infliction of a sentence of death under legal systems that permit this unique penalty to be so wantonly and freakishly imposed. Thus, Mr. Justice Stewart, I feel, would overrule *McGautha,* supra.

Mr. Justice White reasoned that the death penalty violates the Eighth Amendment when a jury at its own discretion and without violating its trust or any statutory policy, may refuse to impose the death penalty no matter what the circumstances of the crime. I feel that Mr. Justice White would overrule *McGautha,* supra.

Mr. Justice Marshall reasoned, after reviewing the history of the death penalty, and four standards he would use to determine whether a punishment was cruel and unusual, i. e.:

1. Punishments involving so much pain and suffering that civilized people cannot tolerate them,

2. Punishments that were unusual in that they were previously unknown,

3. Punishments that serve no valid legislative purpose,
4. Punishment that is abhored by popular sentiment;

and after examining six purposes that he felt were sought to be served by capital punishment, i. e.:

1. Retribution,
2. Deterrance,
3. Prevention of repetitive criminal acts;
4. Encouragement of guilty pleas and confessions,
5. Eugenics,
6. Economy;

that any death penalty is violative of the Eighth Amendment.

Mr. Chief Justice Burger dissented, reasoning, that the death punishment is not "cruel" as the word is used in the Eighth Amendment because it was contemplated and even provided for by the language of the double jeopardy clause of the Fifth Amendment. Nor is the death penalty "unusual" because, as a matter of fact, it was in common use at the time of the drafting of the Eighth Amendment. He reasoned further that the decision of the court exceeded the court's authority, for:

> "Both in constitutional contemplation and in fact, it is the legislature, not the Court, who responds to public opinion and immediately reflects the society's standards of decency."

Justices Blackmun, Powell and Rehnquist, each in a separate opinion, concurred in the reasoning that the Court was overstepping its function when it based a decision as to the constitutionality of the death penalty on the precept that it was empowered to make a moral judgment reversing legislative moral judgments. They also reasoned that the reversal of a position confirmed within the past year (*McGautha,* supra) represented an unconscionable disregard of the broad principle of stare decisis.

Finally, they suggested that the majority were unduly cavalier in their disregard of the injuries to the injured and innocent victims of certain crimes. That suggests to me the implied thesis that, unless available punishment is commensurate with the heinousness of the actual offense, the people will not accept the dictates of the criminal law as a satisfactory alternative for extra-legal remedies. It suggests the further thesis that, in determining what is cruel and unusual punishment, one may also consider the specific acts involved in the crime which generated the need to punish.

So I conclude that, if the death penalty were imposed under the procedures set out in 18 U.S.C. § 1111, by a jury verdict, it would be wantonly and freakishly imposed and imposed without the restraint of reasonable standards, in the opinion of three of the Justices, and it would be cruel and unusual punishment per se, in the opinion of two more.

▆▆▆ Then the question remains: Since this is by statutory language a capital crime, is the Defendant still entitled to the special privileges attendant to conviction of a capital crime, even though the death penalty cannot be imposed? Again, the answer is: No.

The clear purpose of these provisions in the statutes and the rules is to assure an adequate defense for one threatened with capital punishment, and to assure, by enlarging the procedures of jury selection, a jury not tainted by opinions about capital punishment. Since capital punishment is no longer a problem, the safeguards are no longer needed.

Therefore,

It is ordered, that:

1. The conditions of 18 U.S.C. § 3432 shall not apply.
2. The provisions of Rule 24(b), Fed. R.Crim.P., providing for 20 peremptory challenges, shall not apply.
3. Special instructions relating to capital crimes, and, in particular, a special verdict grounded on 18 U.S.C. § 1111(b) shall not be presented to the jury.